## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

2004 OCT 14  P 4: 25

GARDELLA EQUIPMENT CORPORATION, )
)
    Plaintiff, )
)
v. )
)
BALFOUR BEATTY CONSTRUCTION, INC., )
)
    Defendant. )
_____ )
)
and )
)
BALFOUR BEATTY CONSTRUCTION, INC., )
)
    Counterclaim Plaintiff, )
)
v. )
)
GARDELLA EQUIPMENT CORPORATION, )
)
    Counterclaim Defendant. )
_____ )
)
and )
)
BALFOUR BEATTY CONSTRUCTION, INC., )
)
    Third Party Plaintiff, )
)
v. )
)
NORWALK MARINE CONTRACTORS, INC., )
)
    Third Party Defendant. )
_____/

CASE NUMBER: 3:02CV2076(AHN)

OCTOBER 10, 2003

**DEFENDANT'S MOTION (AND INCORPORATED MEMORANDUM OF LAW) TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM PLAINTIFF AND THIRD PARTY DEFENDANT AND FOR SANCTIONS**

    Defendant/Counterclaim Plaintiff/Third Party Plaintiff, Balfour Beatty Construction, Inc. ("Balfour Beatty"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 37(a)(2)(B) and 37(a)(4)(A) and Local Rule 9, hereby moves this honorable Court for an order

compelling production of documents and answers to interrogatories from Plaintiff/Counterclaim Defendant, Gardella Equipment Corporation ("GEC"), and Third Party Defendant, Norwalk Marine Contractors, Inc. ("NMCI"), who have completely failed to respond to Balfour Beatty's July 31, 2003 Second Requests for Production of Documents and First Set of Interrogatories. Balfour Beatty further requests that the Court award to Balfour Beatty its costs and expenses, including its reasonable attorneys' fees, incurred in having to bring this Motion.

## I.   STATEMENT OF THE NATURE OF THE CASE

This is an admiralty case. On or about August 29, 2001, Balfour Beatty entered into an oral agreement with GEC to utilize the tugboat "Lukie" (hereafter, the "vessel") for use in shifting barges on the Houstatonic River. On or about September 4, 2001, Balfour Beatty picked up the vessel from GEC's affiliate, NMCI, in Norwalk, Connecticut. On October 12, 2001, Balfour Beatty contacted GEC regarding redelivery of the vessel. GEC directed Balfour Beatty to redeliver the vessel to GEC and/or NMCI in New Haven, Connecticut, and Balfour Beatty redelivered the vessel as directed. Agents of GEC and/or NMCI directed Balfour Beatty where to tie up and secure the vessel and assisted Balfour Beatty in tying up and securing the vessel. Agents of GEC and/or NMCI checked the vessel, which, when redelivered by Balfour Beatty, was found to be secure and floating on its lines.

On the morning of October 13, 2001, the vessel was found sunk. On or about October 21, 2001, NMCI mobilized the barge "Lynn", a 150-ton crane and the small tugboat "Jane O" for the purpose of raising the vessel. However, before any attempt was made to raise the vessel, the barge "Lynn", the crane and the tugboat "Jane O" were also found sunk. After at least one failed attempt to raise the vessel, it was eventually raised and moved across the river to a scrap metal dock in New Haven, Connecticut. Through discovery, it has been learned that the barge "Lynn" and a crane

thereon had previously sunk while under operation by GEC and/or NMCI, on or about September 22, 1999.

GEC has filed a Complaint against Balfour Beatty asserting claims for breach of contract (Count I), bailment (Count II), negligence (Count III), subrogation for salvage costs (Count IV), subrogation for pollution remediation costs (Count V) and indemnity (Count VI). GEC seeks over $133,000 in damages for alleged outstanding or unreimbursed salvage costs and expenses.

Balfour Beatty has asserted a counterclaim against GEC for breach of contract (Count I), negligence (Count II), breach of implied duty of seaworthiness (Count III), fraudulent nondisclosure and misrepresentation (Count IV) and negligent nondisclosure and misrepresentation (Count V). Balfour Beatty has also asserted a third party complaint against NMCI for remedy over (Count I), indemnity (Count II), contribution (Count III) and negligence (Count IV). Balfour Beatty claims that GEC and/or NMCI knew of the deteriorated and unseaworthy condition of the vessel before chartering same to Balfour Beatty which caused the sinking of the vessel and that Balfour Beatty, pursuant to GEC and/or NMCI's directions, redelivered possession and control of the vessel to GEC on October 12, 2001. GEC, therefore, was responsible for the vessel on the day it sank, October 13, 2001. Moreover, NMCI's negligence in attempts to salvage the vessel contributed to GEC's alleged damages.

## II. BALFOUR BEATTY'S MOTION TO COMPEL SHOULD BE GRANTED BECAUSE GEC AND NMCI HAVE FAILED TO RESPOND TO BALFOUR BEATTY'S DISCOVERY REQUESTS

On July 31, 2003, Balfour Beatty served its Second Requests for Production of Documents to GEC and NMCI. Copies of these Requests are attached hereto as Composite Exhibit A. On July 31, 2003, Balfour Beatty also served its First Set of Interrogatories on GEC and NMCI. Copies of these Interrogatories are attached hereto as Composite Exhibit B. The discovery requests are

limited in nature, but critical to the resolution of the issues in the case. They seek documents and information as to: (1) GEC's and NMCI's correspondence with, and payments received from, insurance companies regarding the sinking of the tug "Lukie", the tug "Lynn", the tug "Jane O", the crane and two pumps; and (2) documents and information relating to the prior sinking of the "Lynn" and a crane thereon in September of 1999.

On September 12, 2003, the Court granted GEC's and NMCI's Motions for Extension of Time, giving GEC and NMCI until September 30, 2003 in which to respond to Balfour Beatty's discovery requests. See Composite Exhibit C. Despite being granted an extension of time, GEC and NMCI have completely failed to respond to BBCI's discovery requests. BBCI has received no documents nor has it received any answers to interrogatories. The Court, therefore, should enter an Order compelling GEC and NMCI to produce, without objection, all documents responsive to the Requests to Produce and to answer, without objection, all interrogatories. See Scott v. Arex, Inc., 124 F.R.D. 39, 41 (D. Conn. 1989) (explaining that in the absence of an extension of time or good cause, the failure to object to discovery within the time fixed by the Federal Rules results in a waiver of any objection); Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 236-37 (W.D.N.Y. 1998) (stating that "Courts have held that a failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.").

The factual discovery deadline in this lawsuit is October 16, 2003.

### III.  BALFOUR BEATTY IS ENTITLED TO ITS ATTORNEYS' FEES INCURRED IN BRINGING THIS MOTION

Since GEC and NMCI have completely failed to respond to Balfour Beatty's Requests to Produce, the Court should require GEC and NMCI to pay Balfour Beatty its costs and expenses, including its reasonable attorneys' fees, incurred in making this Motion. Fed. R. Civ. P.

37(a)(4)(A). This is the second time that Balfour Beatty has had to move the Court to compel discovery from GEC and NMCI.

## IV.  CERTIFICATION OF CONFERENCE

The undersigned attorney certifies that he has in good faith conferred with counsel for GEC and NMCI in an attempt to resolve the issues raised in this Motion without the need for Court intervention but that such efforts have been unsuccessful.

WHEREFORE, for the foregoing reasons, Balfour Beatty respectfully requests that the Court enter an Order compelling GEC and NMCI to produce, without objection, all documents responsive to Balfour Beatty's Second Requests for Production of Documents and to answer, without objection, all of Balfour Beatty's Interrogatories, within five (5) days of the entry of said Order. Balfour Beatty further requests an award of the costs and expenses it incurred in having to bring this Motion, including its reasonable attorneys' fees.

DATED this 10th day of October, 2003.

STEPHEN W. PICKERT
Federal Bar No. ct24325
ANTHONY R. KOVALCIK
Federal Bar No. ct19170
MOYE, O'BRIEN, O'ROURKE,
PICKERT & MARTIN, LLP
800 South Orlando Ave.
Maitland, Florida 32751
(407) 622-5250
(407) 622-5440 (fax)
(*Pro Hac Vice*)

ANNE D. PETERSON
Federal Bar No. ct20181
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509-1950
(203) 777-5501
(203) 784-3199 (fax)

Attorneys for Balfour Beatty Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by U.S. Mail (with exhibits) on this 10th day of October, 2003 to Edward M. Rosenthal, Esq./Thomas P. Willcutts, Esq., Willcutts Law Group, LLC, Capitol Place, 21 Oak Street, Suite 602, Hartford, Connecticut 06106-8002.

STEPHEN W. PICKERT
Federal Bar No. ct24325
ANTHONY R. KOVALCIK
Federal Bar No. ct19170
MOYE, O'BRIEN, O'ROURKE,
PICKERT & MARTIN, LLP
800 South Orlando Ave.
Maitland, Florida 32751
(407) 622-5250
(407) 622-5440 (fax)
(*Pro Hac Vice*)

*A.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GARDELLA EQUIPMENT CORPORATION,   )
)
    Plaintiff,   )
)
        CASE NUMBER:  3:02CV2076(AHN)
v.   )
)
BALFOUR BEATTY CONSTRUCTION, INC.,   )
)
    Defendant.   )
———————————————————   )
)
and   )
)
        JULY 31, 2003
BALFOUR BEATTY CONSTRUCTION, INC.,   )
)
    Counterclaim Plaintiff,   )
)
v.   )
)
GARDELLA EQUIPMENT CORPORATION,   )
)
    Counterclaim Defendant.   )
        **DEFENDANT BALFOUR**
———————————————————   )   **BEATTY CONSTRUCTION,**
)   **INC.'S SECOND REQUEST FOR**
and   )   **PRODUCTION OF DOCUMENTS**
)   **TO GARDELLA EQUIPMENT**
BALFOUR BEATTY CONSTRUCTION, INC.,   )   **CORPORATION**
)
    Third Party Plaintiff,   )
v.   )
)
NORWALK MARINE CONTRACTORS, INC.,   )
)
    Third Party Defendant.   )
———————————————————   /

       Defendant/Counterclaim Plaintiff/Third Party Plaintiff, Balfour Beatty Construction, Inc.,

by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 34, hereby requests the

production of the following designated documents for inspection and photocopying within the

time permitted by the Federal Rules of Civil Procedure from Third Party Defendant, Norwalk

Marine Contractors, Inc., to be produced at the offices of Carmody & Torrance, LLP, 195

Church Street, New Haven, Connecticut 06509.

## INSTRUCTIONS

1. Whenever "documents" are requested, that term shall be defined in accordance with the definitions included herein.

2. If any of the documents requested have been destroyed, that document shall be identified by author(s), addressee(s), date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, all persons who had custody of each said document, the date of destruction, and the name and title of the person who ordered the destruction.

3. All documents requested in each individual paragraph shall be produced. While a request in one paragraph may be more specific or limited in scope than a request contained in another paragraph, it in no way limits or defines the scope of that other paragraph.

4. Any documents responsive to this Request for Production which are not provided by reason of a claim of privilege or work product or for any other reason shall be identified by (1) general subject matter; (2) author; (3) addressee or recipient; (4) identity of person(s) to whom the document, or any portion thereof, has already been revealed; (5) source of the document; (6) method of communication to Plaintiff or manner in which Plaintiff first acquired document; and (7) the legal basis upon which the document is being withheld.

## DEFINITIONS

1. DOCUMENTS: Whenever used herein, the term "documents" shall mean the original, and, if not available, any copy of the original, of writings of every kind, manner or description, including, but not limited to, any abstracts, accounts, accountings, agreements, appointment books, appointment records, audio recordings (whether transcribed or not), balance sheets, bids, bid evaluations, bid summaries, bid tabulations, bills, bills of lading, blanks, books, books of account, cablegrams, calculations, calendars, cards, certificates, change orders, charters, charts, checks, communications, comments, compilations from which information can be obtained or translated through detection devices, computer cards, computer disks, computer printouts, computer programs, computer tapes, contracts, correspondence, cost estimates, cost records, construction progress charts, construction progress conference minutes, delivery records, diaries, discs, drafts, drafts of documents, drawings, electronic or mechanical recordation in whatever medium, endorsements, entries, estimates, expense accounts, expense reports, evaluations, field books, field correspondence, field memoranda, field notes, field orders, field reports, files, films, financial analyses, financial reports, financial statements, forms, graphs, handbooks, income reports, income statements, indices, instructions, instruments, inter-office and intra-office communications, invoices, itemizations, job minutes, letters, licenses, logs, magnetic tapes, mailgrams, manuals,

meeting reports, memoranda, memos, messages, microfilm, microfiche, minutes, moving pictures, notes, notices, opinions, order forms, orders, papers, paper memoranda, payroll records, permits, phonograph records, photocopies, photographs, pictures, planographs, plans, plats, preliminary sketches or drawings, prospectuses, publications, receipts, recordings, records, records of account, renderings, reports, requests, requisitions, resolutions, sketches, slides, specifications, statements, statistical records, studies, subcontracts, summaries, surveys, system analyses, tapes, telexes, telegrams, teletype messages, tests, test reports, texts, time cards, time records, training manuals, training materials, transcripts, transcriptions or summaries of conversations, transmittal letters or memos, transmittals, warehouse receipts, and other electronic or mechanical recordings or transcripts or any other instrument or device from which information can be perceived, or which is used to memorialize human thought, speech, or action in "your" (as that term is hereinafter defined) possession, custody, or control, wherever located. The term "document" also includes copies containing any information whatsoever in addition to that contained on the original, and copies which differ from the original in any way whatsoever as well as any and all amendments, modifications, alternations, and changes to any of the documents·described in this request. The term "documents" shall also include all the attachments, enclosures or documents referred to in any document described in the request.

If any tape, disc, card, wire or other electronic or mechanical recording or transcript of any computer program is produced, such documents or devices which are necessary for the decoding, playing back, printing out and/or interpretation thereof, and any other documents or devices necessary to convert such information into a useful and usable format shall also be produced.

2.    "RELATING TO" OR "RELATE TO": The terms "relating to" and "relate to" mean to constitute, refer to, reflect, mention, evidence, concern, pertain to, identify, or in any way logically or factually connected with the matter discussed.

3.    "GEC": The term "GEC" means Plaintiff/Counterclaim Defendant, Gardella Equipment Corporation.

4.    "PERSON": The term "person" includes, but is not limited to, an individual, partnership, joint venture, corporation, business association or any other legal form or entity.

5.    "COMMUNICATION": The term "communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, document, or otherwise.

6.    "OR": The term "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

7.    "VESSEL": The term "Vessel" means the tugboat LUKIE.

8.    "NMCI": The term "NMCI" means Third Party Defendant Norwalk Marine Contractors, Inc.

9.    "BBCI": The term "BBCI" means the Defendant/Counterclaim Plaintiff/Third Party Plaintiff, Balfour Beatty Construction, Inc.

10.    "THIS ACTION": The term "this action" refers to the above-captioned civil action, now pending in the United States District Court for the District of Connecticut.

## REQUESTS

1.    Any and all correspondence or other documents between Gardella Equipment Corporation and any insurance companies relating to the sinking of the tug "Lukie", the tug "Lynn", the tug "Jane O", the crane and the two pumps.

2.    Any and all documents in your possession, custody or control relating to the sinking of a crane on the barge "Lynn" on or about September 22, 1999, as referenced in Shoff Darby Companies, Inc. February 15, 2002 letter attached hereto.


DATED this 31st day of July, 2003.

_____
STEPHEN W. PICKERT
Federal Bar No. ct24325
ANTHONY R. KOVALCIK
Federal Bar No. ct19170
MOYE, O'BRIEN, O'ROURKE,
PICKERT & MARTIN, LLP
800 South Orlando Avenue
Maitland, Florida 32751
(407) 622-5250
(407) 622-5440 (fax)
(*Pro Hac Vice*)

ANNE D. PETERSON
Federal Bar No. ct20181
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509-1950
(203) 777-5501
(203) 784-3199 (fax)

Attorneys for Balfour Beatty Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by U.S. Mail on this 31st

day of July, 2003 to Edward M. Rosenthal, Esq., Wilcutts Law Group, LLC, Capitol Place, 21

Oak Street, Suite 602, Hartford, Connecticut 06106-8002.

STEPHEN W. PICKERT
Federal Bar No. ct24325
ANTHONY R. KOVALCIK
Federal Bar No. ct19170
MOYE, O'BRIEN, O'ROURKE,
PICKERT & MARTIN, LLP
800 South Orlando Avenue
Maitland, Florida 32751
(407) 622-5250
(407) 622-5440 (fax)
(Pro Hac Vice)

5



## Shoff Darby
## Companies, Inc.

*Insurance Professionals Since 1887*
17 High Street • Norwalk, CT 06851 • 203.831.2990 • 800.540.9361 • Fax 203.831.2999

2/15/2002

Norwalk Marine Contractors, Inc.
111 Harbor Avenue
Norwalk, CT. 06852

Re: Loss Runs

Company: Water Quality Syndicate

| Date of Loss | Description of Loss | Amount Paid/Reserved |
|---|---|---|
| 10/13/2001 | Tug "Lukie" sank | $ 76,725. |
| 10/21/2001 | Tug "Jane O" and Barge "Lynn" sank | $ 13,730. |

Company: Seneca Insurance

| Date of Loss | Description of Loss | Amount Paid/Reserved |
|---|---|---|
| 10/21/2001 | Crane & 2 pumps sank on Barge "Lynn" | $ 80,000. |

Company: Travelers

| Date of Loss | Description of Loss | Amount Paid/Reserved |
|---|---|---|
| 09/22/1999 | Crane sank on Barge "Lynn" | $ 31,500. |

GEC249

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GARDELLA EQUIPMENT CORPORATION,   )
                )
      Plaintiff,   )
                )   CASE NUMBER:  3:02CV2076(AHN)
v.   )
                )
BALFOUR BEATTY CONSTRUCTION, INC.,   )
                )
      Defendant.   )
                )
_____   )
                )
and   )
                )   JULY 31, 2003
BALFOUR BEATTY CONSTRUCTION, INC.,   )
                )
      Counterclaim Plaintiff,   )
                )
v.   )
                )
GARDELLA EQUIPMENT CORPORATION,   )
                )   **DEFENDANT BALFOUR**
      Counterclaim Defendant.   )   **BEATTY CONSTRUCTION,**
_____   )   **INC.'S SECOND REQUEST FOR**
                )   **PRODUCTION OF DOCUMENTS**
and   )   **TO NORWALK MARINE**
                )   **CONTRACTORS, INC.**
BALFOUR BEATTY CONSTRUCTION, INC.,   )
                )
      Third Party Plaintiff,   )
v.   )
                )
NORWALK MARINE CONTRACTORS, INC.,   )
                )
      Third Party Defendant.   )
_____ /

Defendant/Counterclaim Plaintiff/Third Party Plaintiff, Balfour Beatty Construction, Inc.,

by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 34, hereby requests the

production of the following designated documents for inspection and photocopying within the

time permitted by the Federal Rules of Civil Procedure from Third Party Defendant, Norwalk

Marine Contractors, Inc., to be produced at the offices of Carmody & Torrance, LLP, 195

Church Street, New Haven, Connecticut 06509.

## INSTRUCTIONS

1.     Whenever "documents" are requested, that term shall be defined in accordance with the definitions included herein.

2.     If any of the documents requested have been destroyed, that document shall be identified by author(s), addressee(s), date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, all persons who had custody of each said document, the date of destruction, and the name and title of the person who ordered the destruction.

3.     All documents requested in each individual paragraph shall be produced. While a request in one paragraph may be more specific or limited in scope than a request contained in another paragraph, it in no way limits or defines the scope of that other paragraph.

4.     Any documents responsive to this Request for Production which are not provided by reason of a claim of privilege or work product or for any other reason shall be identified by (1) general subject matter; (2) author; (3) addressee or recipient; (4) identity of person(s) to whom the document, or any portion thereof, has already been revealed; (5) source of the document; (6) method of communication to Plaintiff or manner in which Plaintiff first acquired document; and (7) the legal basis upon which the document is being withheld.

## DEFINITIONS

1.     DOCUMENTS:  Whenever used herein, the term "documents" shall mean the original, and, if not available, any copy of the original, of writings of every kind, manner or description, including, but not limited to, any abstracts, accounts, accountings, agreements, appointment books, appointment records, audio recordings (whether transcribed or not), balance sheets, bids, bid evaluations, bid summaries, bid tabulations, bills, bills of lading, blanks, books, books of account, cablegrams, calculations, calendars, cards, certificates, change orders, charters, charts, checks, communications, comments, compilations from which information can be obtained or translated through detection devices, computer cards, computer disks, computer printouts, computer programs, computer tapes, contracts, correspondence, cost estimates, cost records, construction progress charts, construction progress conference minutes, delivery records, diaries, discs, drafts, drafts of documents, drawings, electronic or mechanical recordation in whatever medium, endorsements, entries, estimates, expense accounts, expense reports, evaluations, field books, field correspondence, field memoranda, field notes, field orders, field reports, files, films, financial analyses, financial reports, financial statements, forms, graphs, handbooks, income reports, income statements, indices, instructions, instruments, inter-office and intra-office communications, invoices, itemizations, job minutes, letters, licenses, logs, magnetic tapes, mailgrams, manuals,

meeting reports, memoranda, memos, messages, microfilm, microfiche, minutes, moving pictures, notes, notices, opinions, order forms, orders, papers, paper memoranda, payroll records, permits, phonograph records, photocopies, photographs, pictures, planographs, plans, plats, preliminary sketches or drawings, prospectuses, publications, receipts, recordings, records, records of account, renderings, reports, requests, requisitions, resolutions, sketches, slides, specifications, statements, statistical records, studies, subcontracts, summaries, surveys, system analyses, tapes, telexes, telegrams, teletype messages, tests, test reports, texts, time cards, time records, training manuals, training materials, transcripts, transcriptions or summaries of conversations, transmittal letters or memos, transmittals, warehouse receipts, and other electronic or mechanical recordings or transcripts or any other instrument or device from which information can be perceived, or which is used to memorialize human thought, speech, or action in "your" (as that term is hereinafter defined) possession, custody, or control, wherever located. The term "document" also includes copies containing any information whatsoever in addition to that contained on the original, and copies which differ from the original in any way whatsoever as well as any and all amendments, modifications, alternations, and changes to any of the documents·described in this request. The term "documents" shall also include all the attachments, enclosures or documents referred to in any document described in the request.

　　　　If any tape, disc, card, wire or other electronic or mechanical recording or transcript of any computer program is produced, such documents or devices which are necessary for the decoding, playing back, printing out and/or interpretation thereof, and any other documents or devices necessary to convert such information into a useful and usable format shall also be produced.

　　　　2.　　"RELATING TO" OR "RELATE TO": The terms "relating to" and "relate to" mean to constitute, refer to, reflect, mention, evidence, concern, pertain to, identify, or in any way logically or factually connected with the matter discussed.

　　　　3.　　"GEC": The term "GEC" means Plaintiff/Counterclaim Defendant, Gardella Equipment Corporation.

　　　　4.　　"PERSON": The term "person" includes, but is not limited to, an individual, partnership, joint venture, corporation, business association or any other legal form or entity.

　　　　5.　　"COMMUNICATION": The term "communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, document, or otherwise.

　　　　6.　　"OR": The term "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

　　　　7.　　"VESSEL": The term "Vessel" means the tugboat LUKIE.

　　　　8.　　"NMCI": The term "NMCI" means Third Party Defendant Norwalk Marine Contractors, Inc.

9.     "BBCI": The term "BBCI" means the Defendant/Counterclaim Plaintiff/Third Party Plaintiff, Balfour Beatty Construction, Inc.

10.     "THIS ACTION":  The term "this action" refers to the above-captioned civil action, now pending in the United States District Court for the District of Connecticut.

## REQUESTS

1.     Any and all correspondence or other documents between Norwalk Marine Contractors, Inc. and any insurance companies relating to the sinking of the tug "Lukie", the tug "Lynn", the tug "Jane O", the crane and the two pumps.

2.     Any and all documents in your possession, custody or control relating to the sinking of a crane on the barge "Lynn" on or about September 22, 1999, as referenced in Shoff Darby Companies, Inc. February 15, 2002 letter attached hereto.

DATED this 31st day of July, 2003.

_____
STEPHEN W. PICKERT
Federal Bar No. ct24325
ANTHONY R. KOVALCIK
Federal Bar No. ct19170
MOYE, O'BRIEN, O'ROURKE,
PICKERT & MARTIN, LLP
800 South Orlando Avenue
Maitland, Florida 32751
(407) 622-5250
(407) 622-5440 (fax)
(*Pro Hac Vice*)

ANNE D. PETERSON
Federal Bar No. ct20181
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509-1950
(203) 777-5501
(203) 784-3199 (fax)

Attorneys for Balfour Beatty Construction, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by U.S. Mail on this 31st

day of July, 2003 to Edward M. Rosenthal, Esq., Wilcutts Law Group, LLC, Capitol Place, 21

Oak Street, Suite 602, Hartford, Connecticut 06106-8002.

STEPHEN W. PICKERT
Federal Bar No. ct24325
ANTHONY R. KOVALCIK
Federal Bar No. ct19170
MOYE, O'BRIEN, O'ROURKE,
PICKERT & MARTIN, LLP
800 South Orlando Avenue
Maitland, Florida 32751
(407) 622-5250
(407) 622-5440 (fax)
(Pro Hac Vice)

# Shoff Darby
## Companies, Inc.

*Insurance Professionals Since 1887*
17 High Street • Norwalk, CT 06851 • 203.831.2990 • 800.540.9361 • Fax 203.831.2999

2/15/2002

Norwalk Marine Contractors, Inc.
111 Harbor Avenue
Norwalk, CT. 06852

Re: Loss Runs

Company: Water Quality Syndicate

| Date of Loss | Description of Loss | Amount Paid/Reserved |
|---|---|---|
| 10/13/2001 | Tug "Lukie" sank | $ 76,725. |
| 10/21/2001 | Tug "Jane O" and Barge "Lynn" sank | $ 13,730. |

Company: Seneca Insurance

| Date of Loss | Description of Loss | Amount Paid/Reserved |
|---|---|---|
| 10/21/2001 | Crane & 2 pumps sank on Barge "Lynn" | $ 80,000. |

Company: Travelers

| Date of Loss | Description of Loss | Amount Paid/Reserved |
|---|---|---|
| 09/22/1999 | Crane sank on Barge "Lynn" | $ 31,500. |

GEC249

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GARDELLA EQUIPMENT CORPORATION,  )
)
    Plaintiff,  )
)
v.  )    CASE NUMBER:  3:02CV2076(AHN)
)
BALFOUR BEATTY CONSTRUCTION, INC.,  )
)
    Defendant.  )
_____  )
)
and  )
)    JULY 31, 2003
BALFOUR BEATTY CONSTRUCTION, INC.,  )
)
    Counterclaim Plaintiff,  )
)
v.  )
)
GARDELLA EQUIPMENT CORPORATION,  )
)    **DEFENDANT'S FIRST SET OF**
    Counterclaim Defendant.  )    **INTERROGATORIES TO**
_____  )    **GARDELLA EQUIPMENT**
)    **CORPORATION**
and  )
)
BALFOUR BEATTY CONSTRUCTION, INC.,  )
)
    Third Party Plaintiff,  )
v.  )
)
NORWALK MARINE CONTRACTORS, INC.,  )
)
    Third Party Defendant.  )
_____  /

    Defendant/Counterclaim Plaintiff/Third Party Plaintiff, Balfour Beatty Construction, Inc.,

by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 33, hereby serves the

following interrogatories upon Plaintiff/Counterclaim Defendant, Gardella Equipment

Corporation, to be answered under oath within thirty (30) days after service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.    The following definitions apply to these interrogatories:

A.    DOCUMENTS:  Whenever used herein, the term "documents" shall mean the original, and, if not available, any copy of the original, of writings of every kind, manner or description, including, but not limited to, any abstracts, accounts, accountings, agreements, appointment books, appointment records, audio recordings (whether transcribed or not), balance sheets, bids, bid evaluations, bid summaries, bid tabulations, bills, bills of lading, blanks, books, books of account, cablegrams, calculations, calendars, cards, certificates, change orders, charters, charts, checks, communications, comments, compilations from which information can be obtained or translated through detection devices, computer cards, computer disks, computer printouts, computer programs, computer tapes, contracts, correspondence, cost estimates, cost records, construction progress charts, construction progress conference minutes, delivery records, diaries, discs, drafts, drafts of documents, drawings, electronic or mechanical recordation in whatever medium, endorsements, entries, estimates, expense accounts, expense reports, evaluations, field books, field correspondence, field memoranda, field notes, field orders, field reports, files, films, financial analyses, financial reports, financial statements, forms, graphs, handbooks, income reports, income statements, indices, instructions, instruments, inter-office and intra-office communications, invoices, itemizations, job minutes, letters, licenses, logs, magnetic tapes, mailgrams, manuals, meeting reports, memoranda, memos, messages, microfilm, microfiche, minutes, moving pictures, notes, notices, opinions, order forms, orders, papers, paper memoranda, payroll records, permits, phonograph records, photocopies, photographs, pictures, planographs, plans, plats, preliminary sketches or drawings, prospectuses, publications, receipts, recordings, records, records of account, renderings, reports, requests, requisitions, resolutions, sketches, slides, specifications, statements, statistical records, studies, subcontracts, summaries, surveys, system analyses, tapes, telexes, telegrams, teletype messages, tests, test reports, texts, time cards, time records, training manuals, training materials, transcripts, transcriptions or summaries of conversations, transmittal letters or memos, transmittals, warehouse receipts, and other electronic or mechanical recordings or transcripts or any other instrument or device from which information can be perceived, or which is used to memorialize human thought, speech, or action in "your" (as that term is hereinafter defined) possession, custody, or control, wherever located.  The term "document" also includes copies containing any information whatsoever in addition to that contained on the original, and copies which differ from the original in any way whatsoever as well as any and all amendments, modifications, alternations, and changes to any of the documents described in this request.  The term "documents" shall also include all the attachments, enclosures or documents referred to in any document described in the request.

If any tape, disc, card, wire or other electronic or mechanical recording or transcript of any computer program is produced, such documents or devices which are necessary for the decoding, playing back, printing out and/or interpretation thereof, and any other documents or devices necessary to convert such information into a useful and usable format shall also be produced.

B.    "RELATING TO" OR "RELATE TO":  The terms "relating to" and "relate to"

mean to constitute, refer to, reflect, mention, evidence, concern, pertain to, identify, or in any way logically or factually connected with the matter discussed.

C.    "<u>YOU," "YOUR," "GEC</u>":    The terms "you," "your" and "GEC" mean Plaintiff/Counterclaim Defendant, Gardella Equipment Corporation.

D.    "<u>PERSON</u>":    The term "person" includes, but is not limited to, an individual, partnership, joint venture, corporation, business association or any other legal form or entity.

E.    "<u>COMMUNICATION</u>":  The term "communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, document, or otherwise.

F.    "<u>OR</u>":  The term "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

G.    "<u>VESSEL</u>":  The term "Vessel" means the tugboat LUKIE.

H.    "<u>NMCI</u>":    The term "NMCI" means Third Party Defendant Norwalk Marine Contractors, Inc.

I.    "<u>BBCI</u>": The term "BBCI" means the Defendant/Counterclaim Plaintiff/Third Party Plaintiff, Balfour Beatty Construction, Inc.

J.    "<u>THIS ACTION</u>":  The term "this action" refers to the above-captioned civil action, now pending in the United States District Court for the District of Connecticut.

2.    The answer to each interrogatory shall include such knowledge of Plaintiff as is within its custody, possession or control, or the custody, possession or control of its attorneys. Where facts set forth in answers or portions thereof are supplied upon information and belief rather than actual knowledge, Plaintiff shall so state and specifically describe or identify the source or substance of such information and belief.

3.    Any information responsive to these interrogatories which is not provided by reason of a claim of privilege or work product or for any other reason shall be identified by (1) general subject matter; (2) identity of person(s) to whom the information, or any portion thereof, has already been revealed; (3) source of the information; (4) method of communication to Plaintiff or manner in

which Plaintiff first acquired knowledge of the information at issue; and (5) the basis upon which the information is being withheld.

## **INTERROGATORIES**

1.    Please describe in detail all payments received by Gardella Equipment Corporation from any and all insurance companies, or any other source, in connection with the sinking of the tug "Lukie" including, but not limited to, the name of the insurance company or entity making the payment, the date and amount of the payment.

2.    Please describe in detail all payments received by Gardella Equipment Corporation from any and all insurance companies, or any other source, in connection with the sinking of the tug "Jane O", the barge "Lynn", the crane and two pumps which occurred on or about October 21, 2001, including, but not limited to, the name of the insurance company or entity making the payment, the date and the amount of the payment.

3.    Please describe in detail the circumstances surrounding the sinking of a crane on the barge "Lynn" on or about September 22, 1999, as referenced in Shoff Darby Companies, Inc. February 15, 2002 letter attached hereto, including, but not limited to, when and where the crane sank and the cause(s) of the sinking.

## VERIFICATION OF ANSWERS

_____
GARDELLA EQUIPMENT CORPORATION

STATE OF CONNECTICUT
COUNTY OF _____

    BEFORE ME, the undersigned authority, personally appeared _____, who, being duly sworn, deposes and states that he executed the foregoing answers to interrogatories on behalf of Gardella Equipment Corporation and that they are true to the best of his knowledge and belief. He is personally known to me or has produced _____ as identification.

    SWORN TO and SUBSCRIBED before me this _____ day of _____, 2003.

_____
Notary Public, State of North Carolina

_____
Print, Type or Stamp Commissioned
Name of Notary Public

My commission expires:

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by U.S. Mail on this 31st

day of July, 2003 to Edward M. Rosenthal, Esq., Wilcutts Law Group, LLC, Capitol Place, 21

Oak Street, Suite 602, Hartford, Connecticut 06106-8002.

STEPHEN W. PICKERT
Federal Bar No. ct24325
ANTHONY R. KOVALCIK
Federal Bar No. ct19170
MOYE, O'BRIEN, O'ROURKE,
PICKERT & MARTIN, LLP
800 South Orlando Avenue
Maitland, Florida 32751
(407) 622-5250
(407) 622-5440 (fax)
(Pro Hac Vice)

# Shoff Darby
## Companies, Inc.

*Insurance Professionals Since 1887*
17 High Street • Norwalk, CT 06851 • 203.831.2990 • 800.540.9361 • Fax 203.831.2999

2/15/2002

Norwalk Marine Contractors, Inc.
111 Harbor Avenue
Norwalk, CT. 06852

Re: Loss Runs

Company: Water Quality Syndicate

| Date of Loss | Description of Loss | Amount Paid/Reserved |
|---|---|---|
| 10/13/2001 | Tug "Lukie" sank | $ 76,725. |
| 10/21/2001 | Tug "Jane O" and Barge "Lynn" sank | $ 13,730. |

Company: Seneca Insurance

| Date of Loss | Description of Loss | Amount Paid/Reserved |
|---|---|---|
| 10/21/2001 | Crane & 2 pumps sank on Barge "Lynn" | $ 80,000. |

Company: Travelers

| Date of Loss | Description of Loss | Amount Paid/Reserved |
|---|---|---|
| 09/22/1999 | Crane sank on Barge "Lynn" | $ 31,500. |

GEC249

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

GARDELLA EQUIPMENT CORPORATION,    )
    )
    Plaintiff,    )
    )    CASE NUMBER:  3:02CV2076(AHN)
v.    )
    )
BALFOUR BEATTY CONSTRUCTION, INC.,    )
    )
    Defendant.    )
    )
──────────────────────────    )
    )
and    )
    )    JULY 31, 2003
BALFOUR BEATTY CONSTRUCTION, INC.,    )
    )
    Counterclaim Plaintiff,    )
    )
v.    )
    )
GARDELLA EQUIPMENT CORPORATION,    )
    )    **DEFENDANT'S FIRST SET OF**
    Counterclaim Defendant.    )    **INTERROGATORIES TO**
    )    **NORWALK MARINE**
──────────────────────────    )    **CONTRACTORS, INC.**
    )
and    )
    )
BALFOUR BEATTY CONSTRUCTION, INC.,    )
    )
    Third Party Plaintiff,    )
v.    )
    )
NORWALK MARINE CONTRACTORS, INC.,    )
    )
    Third Party Defendant.    )
    /

Defendant/Counterclaim Plaintiff/Third Party Plaintiff, Balfour Beatty Construction, Inc.,

by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 33, hereby serves the

following interrogatories upon Third Party Defendant, Norwalk Marine Contractors, Inc., to be

answered under oath within thirty (30) days after service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.      The following definitions apply to these interrogatories:

A.      <u>DOCUMENTS</u>:  Whenever used herein, the term "documents" shall mean the original, and, if not available, any copy of the original, of writings of every kind, manner or description, including, but not limited to, any abstracts, accounts, accountings, agreements, appointment books, appointment records, audio recordings (whether transcribed or not), balance sheets, bids, bid evaluations, bid summaries, bid tabulations, bills, bills of lading, blanks, books, books of account, cablegrams, calculations, calendars, cards, certificates, change orders, charters, charts, checks, communications, comments, compilations from which information can be obtained or translated through detection devices, computer cards, computer disks, computer printouts, computer programs, computer tapes, contracts, correspondence; cost estimates, cost records, construction progress charts, construction progress conference minutes, delivery records, diaries, discs, drafts, drafts of documents, drawings, electronic or mechanical recordation in whatever medium, endorsements, entries, estimates, expense accounts, expense reports, evaluations, field books, field correspondence, field memoranda, field notes, field orders, field reports, files, films, financial analyses, financial reports, financial statements, forms, graphs, handbooks, income reports, income statements, indices, instructions, instruments, inter-office and intra-office communications, invoices, itemizations, job minutes, letters, licenses, logs, magnetic tapes, mailgrams, manuals, meeting reports, memoranda, memos, messages, microfilm, microfiche, minutes, moving pictures, notes, notices, opinions, order forms, orders, papers, paper memoranda, payroll records, permits, phonograph records, photocopies, photographs, pictures, planographs, plans, plats, preliminary sketches or drawings, prospectuses, publications, receipts, recordings, records, records of account, renderings, reports, requests, requisitions, resolutions, sketches, slides, specifications, statements, statistical records, studies, subcontracts, summaries, surveys, system analyses, tapes, telexes, telegrams, teletype messages, tests, test reports, texts, time cards, time records, training manuals, training materials, transcripts, transcriptions or summaries of conversations, transmittal letters or memos, transmittals, warehouse receipts, and other electronic or mechanical recordings or transcripts or any other instrument or device from which information can be perceived, or which is used to memorialize human thought, speech, or action in "your" (as that term is hereinafter defined) possession, custody, or control, wherever located.  The term "document" also includes copies containing any information whatsoever in addition to that contained on the original, and copies which differ from the original in any way whatsoever as well as any and all amendments, modifications, alternations, and changes to any of the documents described in this request.  The term "documents" shall also include all the attachments, enclosures or documents referred to in any document described in the request.

If any tape, disc, card, wire or other electronic or mechanical recording or transcript of any computer program is produced, such documents or devices which are necessary for the decoding, playing back, printing out and/or interpretation thereof, and any other documents or devices necessary to convert such information into a useful and usable format shall also be produced.

B.      <u>"RELATING TO" OR "RELATE TO"</u>:  The terms "relating to" and "relate to"

mean to constitute, refer to, reflect, mention, evidence, concern, pertain to, identify, or in any way logically or factually connected with the matter discussed.

C.    "GEC":    The term "GEC" means Plaintiff/Counterclaim Defendant, Gardella Equipment Corporation.

D.    "PERSON":    The term "person" includes, but is not limited to, an individual, partnership, joint venture, corporation, business association or any other legal form or entity.

E.    "COMMUNICATION":    The term "communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, document, or otherwise.

F.    "OR":    The term "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

G.    "VESSEL":    The term "Vessel" means the tugboat LUKIE.

H.    "NMCI":    The term "NMCI" means Third Party Defendant Norwalk Marine Contractors, Inc.

I.    "BBCI": The term "BBCI" means the Defendant/Counterclaim Plaintiff/Third Party Plaintiff, Balfour Beatty Construction, Inc.

J.    "THIS ACTION":    The term "this action" refers to the above-captioned civil action, now pending in the United States District Court for the District of Connecticut.

2.    The answer to each interrogatory shall include such knowledge of Third Party Defendant as is within its custody, possession or control, or the custody, possession or control of its attorneys.  Where facts set forth in answers or portions thereof are supplied upon information and belief rather than actual knowledge, Third Party Defendant shall so state and specifically describe or identify the source or substance of such information and belief.

3.    Any information responsive to these interrogatories which is not provided by reason of a claim of privilege or work product or for any other reason shall be identified by (1) general subject matter; (2) identity of person(s) to whom the information, or any portion thereof, has already been revealed; (3) source of the information; (4) method of communication to Third Party

Defendant or manner in which Third Party Defendant first acquired knowledge of the information at issue; and (5) the basis upon which the information is being withheld.

## **INTERROGATORIES**

1.    Please describe in detail all payments received by Norwalk Marine Contractors, Inc. from any and all insurance companies, or any other source, in connection with the sinking of the tug "Lukie" including, but not limited to, the name of the insurance company or entity making the payment, the date and amount of the payment.

2.     Please describe in detail all payments received by Norwalk Marine Contractors, Inc. from any and all insurance companies, or any other source, in connection with the sinking of the tug "Jane O", the barge "Lynn", the crane and two pumps which occurred on or about October 21, 2001, including, but not limited to, the name of the insurance company or entity making the payment, the date and the amount of the payment.

3.      Please describe in detail the circumstances surrounding the sinking of a crane on the barge "Lynn" on or about September 22, 1999, as referenced in Shoff Darby Companies, Inc. February 15, 2002 letter attached hereto, including, but not limited to, when and where the crane sank and the cause(s) of the sinking.

## VERIFICATION OF ANSWERS

_____
NORWALK MARINE CONTRACTORS, INC.

STATE OF CONNECTICUT
COUNTY OF _____

      BEFORE ME, the undersigned authority, personally appeared _____,
who, being duly sworn, deposes and states that he executed the foregoing answers to
interrogatories on behalf of Norwalk Marine Contractors, Inc. and that they are true to the best of
his knowledge and belief.  He is personally known to me or has produced _____
as identification.

      SWORN TO and SUBSCRIBED before me this ____ day of _____, 2003.


_____
Notary Public, State of North Carolina


_____
Print, Type or Stamp Commissioned
Name of Notary Public

My commission expires:

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been furnished by U.S. Mail on this 31st

day of July, 2003 to Edward M. Rosenthal, Esq., Wilcutts Law Group, LLC, Capitol Place, 21

Oak Street, Suite 602, Hartford, Connecticut 06106-8002.

STEPHEN W. PICKERT
Federal Bar No. ct24325
ANTHONY R. KOVALCIK
Federal Bar No. ct19170
MOYE, O'BRIEN, O'ROURKE,
PICKERT & MARTIN, LLP
800 South Orlando Avenue
Maitland, Florida 32751
(407) 622-5250
(407) 622-5440 (fax)
(Pro Hac Vice)

34

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Bridgeport)

| | |
|---|---|
| GARDELLA EQUPMENT CORPORATION ) | CIVIL ACTION |
| ) | NO. 3:02CV2076 (AHN) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BALFOUR BEATTY CONSTRUCTION, INC., ) | |
| ) | |
| Defendant. ) | |
| .................................................................) | |
| and ) | |
| ) | |
| BALFOUR BEATTY CONSTRUCTION, INC., ) | |
| ) | |
| Counterclaim Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| GARDELLA EQUIPMENT CORPORATION, ) | |
| ) | |
| Counterclaim Defendant. ) | |
| .................................................................) | MOTION FOR EXTENSION |
| and ) | OF TIME |
| ) | |
| BALFOUR BEATTY CONSTRUCTION, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORWALK MARINE CONTRACTORS, INC. ) | |
| ) | |
| Third-Party Defendant. ) | |
| .................................................................) | SEPTEMBER 10, 2003 |

Pursuant to Local Rule 9b and Local Rule 11 of the Rules of the District Court and F.R.C.P. Rule 33, the Plaintiff/Counterclaim Defendant, Gardella Equipment Corporation hereby requests an extension of time to and including September 30, 2003

9/12/03.  GRANTED.  SO ORDERED.

33

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
### (Bridgeport)

| | | |
|---|---|---|
| GARDELLA EQUPMENT CORPORATION | ) | CIVIL ACTION |
| Plaintiff, | ) | NO. 3:02CV2076 (AHN) |
| | ) | |
| v. | ) | |
| | ) | |
| BALFOUR BEATTY CONSTRUCTION, INC., | ) | |
| Defendant. | ) | |
| ................................................................) | | |
| and | ) | |
| BALFOUR BEATTY CONSTRUCTION, INC., | ) | |
| Counterclaim Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARDELLA EQUIPMENT CORPORATION, | ) | |
| Counterclaim Defendant. | ) | |
| ................................................................) | | MOTION FOR EXTENSION |
| and | ) | OF TIME |
| BALFOUR BEATTY CONSTRUCTION, INC., | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORWALK MARINE CONTRACTORS, INC. | ) | |
| Third-Party Defendant. | ) | |
| ................................................................) | | SEPTEMBER 10, 2003 |

Pursuant to Local Rule 9b and Local Rule 11 of the Rules of the District Court

and F.R.C.P. Rule 33, the Third Party Defendant, Norwalk Marine Contractors, Inc.

hereby requests an extension of time to and including September 30, 2003 in which to

9/12/03. GRANTED. SO ORDERED.

ALAN H. NEVAS, U.S.D.J.