# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARDELLA EQUIPMENT CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NUMBER: 3:02CV2076(AHN) |
| v. ) | |
| ) | |
| BALFOUR BEATTY CONSTRUCTION, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| and ) | |
| ) | SEPTEMBER 22, 2004 |
| BALFOUR BEATTY CONSTRUCTION, INC., ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GARDELLA EQUIPMENT CORPORATION, ) | |
| ) | |
| Counterclaim Defendant. ) | |
| ) | |
| and ) **BALFOUR BEATTY CONSTRUCTION, INC.'S** |
| ) **MOTION FOR SUMMARY JUDGMENT** |
| BALFOUR BEATTY CONSTRUCTION, INC., ) | |
| ) | |
| Third Party Plaintiff, ) | |
| v. ) | |
| ) | |
| NORWALK MARINE CONTRACTORS, INC., ) | |
| ) | |
| Third Party Defendant. ) | |

Defendant, Balfour Beatty Construction, Inc. ("Balfour Beatty"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 56(b) & (c) and D. Conn. L. Civ. R. 56(a), respectfully moves this Court for summary judgment as to all claims asserted against it by Plaintiff, Gardella Equipment Corporation ("GEC"). Balfour Beatty has contemporaneously submitted with

its Motion for Summary Judgment a separately filed Memorandum of Law in Support thereof, its Local Rule 56(a)1 Statement of Facts as to Which There Are No Genuine Issues to Be Tried, and Volumes I and II of the exhibits cited to by Balfour Beatty in its Local Rule 56(a)1 Statement.

GEC has sued Balfour Beatty under various causes of action for damages it allegedly incurred as a result of the sinking of the tugboat "Lukie", a vessel GEC had chartered to Balfour Beatty and which Balfour Beatty returned to GEC on October 12, 2001. The "Lukie" sank in New Haven Harbor on October 13, 2001.

GEC also seeks damages from Balfour Beatty relating to the October 21, 2001 sinking of the barge "Lynn", the pushboat "Jane O", a crane and two pumps owned by GEC or its affiliate, Third-Party Defendant, Norwalk Marine Contractors, Inc. ("NMCI"). These vessels and equipment were to be used by GEC and NMCI to try to raise the "Lukie" but sank in New Haven Harbor before they could be so used.

Balfour Beatty is entitled to summary judgment determining that any act or failure to act on the part of Balfour Beatty in its use of the "Lukie" was not the proximate cause of any damages GEC has incurred because of the sinking of the "Lynn", the "Jane O", the crane and the pumps, a full nine days after Balfour Beatty returned the tugboat "Lukie". The pleadings, depositions, answers to interrogatories and affidavits on file show that there is no genuine issue as to the fact that these other vessels and equipment sank, through no fault of Balfour Beatty, before they could be used to try to raise the "Lukie".

The sinking of these vessels and equipment, nine days after Balfour Beatty returned the "Lukie" and before they could even be used in an attempt to raise the "Lukie", was not a foreseeable risk created by any negligence or fault on Balfour Beatty's part in operating the "Lukie". There simply is too tenuous a connection between Balfour Beatty's use and return of the "Lukie" and the

subsequent sinking of the "Lynn", the "Jane O", the crane and the pumps for any liability to attach to Balfour Beatty in regard to these other vessels and equipment.

Balfour Beatty's use of the "Lukie" also was not the proximate cause the sinking of the "Lynn", the "Jane O", the crane and the pumps because the record evidence shows that vandalism or some other intervening event having nothing to do with Balfour Beatty was the superseding cause of their sinking. These superseding causes have relieved Balfour Beatty of liability for any damages incurred by GEC relating to these other vessels and equipment.

Balfour Beatty is also entitled to summary judgment as to the damages allegedly incurred by GEC in connection with the sinking of the "Lukie". The pleadings, depositions, answers to interrogatories and affidavits on file show that there is no genuine issue as to any of the following material facts:

1.) That Balfour Beatty properly used the "Lukie" which was afloat and not leaking when Balfour Beatty returned the vessel to GEC;

2.) That GEC had reassumed exclusive possession, custody and control of the "Lukie" and was its owner when it sank; and

3.) That the "Lukie" sank due to its deteriorated condition and ordinary wear and tear and not through any fault of Balfour Beatty.

Balfour Beatty, therefore, is not legally responsible for any damages GEC has incurred as a result of the sinking of the "Lukie" and is entitled to a judgment as a matter of law as to all claims asserted against it by GEC as to these damages.

WHEREFORE, for the foregoing reasons and those set forth in its Memorandum of Law and Local Rule 56(a)1 Statement, Balfour Beatty respectfully requests that the Court grant summary judgment in its favor as to Counts I through VI of GEC's Complaint against it and for such further

relief as this Court deems just and appropriate.

Respectfully submitted this 22nd day of September, 2004.

_____
STEPHEN W. PICKERT
Federal Bar No. ct24325
ANTHONY R. KOVALCIK
Federal Bar No. ct19170
MOYE, O'BRIEN, O'ROURKE,
PICKERT & MARTIN, LLP
800 South Orlando Avenue
Maitland, Florida 32751
(407) 622-5250
(407) 622-5440 (fax)

Attorneys for Balfour Beatty Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that Balfour Beatty Construction, Inc.'s Motion for Summary Judgment has been furnished by overnight delivery on this 22nd day of September, 2004 to Edward M. Rosenthal, Esq., Willcutts Law Group, LLC, Capitol Place, 21 Oak Street, Suite 602, Hartford, Connecticut 06106-8002.

_____
STEPHEN W. PICKERT
Federal Bar No. ct24325
ANTHONY R. KOVALCIK
Federal Bar No. ct19170
MOYE, O'BRIEN, O'ROURKE,
 PICKERT & MARTIN, LLP
800 South Orlando Avenue
Maitland, Florida 32751
(407) 622-5250
(407) 622-5440 (fax)

Attorneys for Balfour Beatty Construction, Inc.