UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 OCT 25  A 9: 29

U.S. DISTRICT COURT

| | |
|---|---|
| GARDELLA EQUIPMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BALFOUR BEATTY CONSTRUCTION, INC.,<br><br>Defendant. | CASE NUMBER: 3:02CV2076(AHN) |
| and<br><br>BALFOUR BEATTY CONSTRUCTION, INC.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>GARDELLA EQUIPMENT CORPORATION,<br><br>Counterclaim Defendant. | OCTOBER 22, 2004 |
| and<br><br>BALFOUR BEATTY CONSTRUCTION, INC.,<br><br>Third Party Plaintiff,<br>v.<br><br>NORWALK MARINE CONTRACTORS, INC.,<br><br>Third Party Defendant. | BALFOUR BEATTY CONSTRUCTION, INC.'S REPLY BRIEF TO GARDELLA EQUIPMENT CORPORATION'S OBJECTION TO BALFOUR BEATTY'S MOTION FOR SUMMARY JUDGMENT |

Defendant, Balfour Beatty Construction, Inc. ("Balfour Beatty"), by and through its undersigned counsel, and pursuant to D. Conn. L. Civ. R. 7(d), hereby submits its Reply Brief to Plaintiff, Gardella Equipment Corporation's ("GEC") Objection to Balfour Beatty's Motion for Summary Judgment.

I. **Balfour Beatty's Local Rule 56(a)1 Statement Of Facts Should Be Deemed Admitted By The Plaintiff For Purposes Of Ruling On The Motion For Summary Judgment**

In support of its Motion for Summary Judgment, Balfour Beatty submitted a Local Rule 56(a)1 Statement Of Facts As To Which They Are No Genuine Issues To Be Tried ("Statement of Facts") which set forth 71 separately numbered paragraphs with citations to evidence in the record. Although required to do so, GEC failed to file with its papers opposing Balfour Beatty's Motion for Summary Judgment a Local Rule 56(a)2 Statement stating in separately numbered paragraphs corresponding to the paragraphs contained in Balfour Beatty's Statement of Facts whether each of the facts asserted by Balfour Beatty was admitted or denied. Instead, GEC merely submitted a "Statement of Material Facts in Dispute" containing only 14 numbered paragraphs.

Because GEC did not comply with the dictates of Local Rule 56(a), it is well settled that Balfour Beatty's Statement of Facts should be deemed admitted by the Plaintiff and accepted as true by the Court for purposes of ruling on Balfour Beatty's Motion for Summary Judgment. See Local Rule 56(a)1 (stating in pertinent part that "All material facts set forth in said [Local Rule 56(a)1 Statement] will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2."); Tunnell v. United Technologies Corp., 216 F.3d 1073, 2000 WL 839966 (2d Cir. 2000) ("Tunnell submitted no such controverting statement. Accordingly, the district court properly deemed each fact asserted in Pratt's Rule [56(a)] statement admitted."); Futoma v. City of Hartford, 208 F.3d 202, 2000 WL 339377 (2d Cir. 2000) ("In cases of noncompliance with this Local Rule, courts within the District of Connecticut routinely apply Rule [56(a)1's] specified sanction and deem the movant's statement of facts admitted."); Miner v. Sheridan, 199 F.3d 1322, 1999 WL 1022424 (2d Cir. 1999) ("The assertions of a party who has failed to comply with this provision are insufficient to defeat the

2

summary judgment motion."); Mr. and Mrs. A v. Weiss, 121 F.Supp.2d 718, 721 (D. Conn. 2000) ("a 'statement' which is not in compliance with the Local Rules...is the equivalent of no filing at all. Accordingly, all facts set forth in Defendant's complying Rule [56(a)1] statement will be deemed admitted by Plaintiffs for the purposes of the decision on this Motion."); Abramowitz v. Ogrinc, 2002 WL 32124965 (D. Conn. Sept. 9, 2002) (deeming the Defendant's Statement of Facts admitted and granting the Defendant's Motion for Summary Judgment because the Plainitff merely submitted a list of purported genuine issues to be tried without submission of a Rule 56(a)2 statement and explaining that "Local Rule [56(a)1] makes clear that the facts set forth by the moving party in its statement shall be deemed admitted unless controverted by the nonmoving party in its [56(a)2] statement.").

GEC has also failed to make a single specific citation to evidence in the record in support of any of the "facts" set forth in the "Background" section of its Objection to Balfour Beatty's Motion for Summary Judgment. (See Pl.'s Obj. at 2-5.) Therefore, the Court should disregard this section of GEC's Objection in ruling on Balfour Beatty's Motion for Summary Judgment. Moreover, this failure should be used by the Court to grant Balfour Beatty's Motion. See Local Rule 56(a)3 ("Counsel... are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including,... when the opponent fails to comply, an order granting the motion [for summary judgment].").

## II.   The Exhibits Challenged By The Plaintiff Are Admissible Evidence

The Plaintiff has challenged the authenticity of eight of the twenty-three exhibits Balfour Beatty has attached to its Local Rule 56(a)1 Statement of Facts. (See Pl.'s Obj. at 6-8.) "The requirement of authentication or identification is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). There is record

3

evidence sufficient to find that Exhibits M, O, Q, R, S, T, U and W are what Balfour Beatty claims they are and the Court, therefore, should reject Plaintiff's challenges to these exhibits.[1]

A document can be authenticated through testimony of a witness with knowledge. Fed. R. Evid. 901(b)(1); FTC v. Hughes, 710 F. Supp. 1520, 1522 (N.D. Tex. 1989) (explaining that documents may be authenticated through deposition testimony).[2] Here, all of the exhibits in question were made exhibits to various depositions and the following have been authenticated or identified through deposition testimony: Exhibit M (see Def.'s Record at 34-39, 47-48, 62-64, 92); Exhibit O (see Def.'s Record at 194-195); Exhibit Q (see Def.'s Record at 78-80, 93); Exhibit R (see Def.'s Record at 82, 93); Exhibit T (see Def.'s Record at 86-87, 93); Exhibit U (see Def.'s Record at 88, 93); and Exhibit W (see Pl.'s Ex. C at 125). Even though a copy of the pertinent excerpts of Mr. Stafford's deposition testimony was inadvertently omitted from Balfour Beatty's exhibits, the Plaintiff admits that he was deposed and knows exactly the context in which his letter, Exhibit T, was written. (See Pl.'s Mem. of Law at 7 and Ex. K at 77.) It should be admitted.

Moreover, Exhibits O and W are not inadmissible as hearsay because they are statements of present sense impression of events (Fed. R. Evid. 803(1)) and/or recorded recollections of matters about which the witnesses once had knowledge (Fed. R. Evid. 803(5)).

Exhibits R, S, T and U are also admissible under the present sense impression and recorded recollection exceptions to the hearsay rule (Fed. R. Evid. 803(1) & (5)) as well as being records of regularly conducted activities (Fed. R. Evid. 803(6)). In any event, it is undisputed in this case that

---

[1] It should be noted that Balfour Beatty's Motion for Summary Judgment on the issue that it was not the proximate cause of the sinking of the "Lynn," the "Jane O," the crane and the pumps, or that their sinking was caused by a superseding, intervening event, can be granted even without reference to these exhibits.

[2] This, presumably, is how the Plaintiff intended to authenticate its otherwise unauthenticated Exhibit A to its Objection to Balfour Beatty's Motion for Summary Judgment.

CNA denied the Plaintiff's claim for the reasons set forth in CNA's November 26, 2001. This is an additional reason why Exhibit U is admissible.

### III. The "Rescue Doctrine" Does Not Apply To This Case

The "rescue doctrine" cited by the Plaintiff (see Pl.'s Obj. at 16-18) does not apply to the facts of this case. Therefore, it cannot preclude entry of summary judgment in Balfour Beatty's favor on the grounds that it was not the proximate cause of the sinking of the "Lynn", the "Jane O", the crane and the pumps, or that superseding, intervening events caused their sinking. (See Def.'s Mem. of Law at 7-12.)

The rescue doctrine only applies in determining whether a rescuer/plaintiff's contributory negligence is to be excused. Benoit v. Murphy/Allison/Lane Fiduciary, 2003 WL 21185788 at *1, n.1 (May 6, 2003 Conn. Super.). The Supreme Court of Connecticut explained the rescue doctrine as follows:

> 'It is not contributory negligence for a plaintiff to **expose himself to danger** in a reasonable effort to save a third person or the land or chattels of himself or a third person from harm.' Restatement, 2 Torts, § 472...'The question in such a case is not what a careful person would do, under ordinary circumstances, but what would he be likely to do ... **in the presence of such existing peril.**'... Among these circumstances, as the Restatement points out, are undoubtedly the **seriousness and imminence of danger, both to the person threatened and the rescuer**, and the likelihood or unlikelihood that harm to the former can be averted. Beyond that, an outstanding factor is **the instinctive reaction of human nature to the need of one in danger**, and where he stands in a close relationship of blood or affection to the rescuer, as in a case like this, a young child to her mother, the reactions naturally incident in such a case...The mere presence of danger and desire to save person or property from injury or destruction will not alone suffice. To venture life where there is no possibility of saving or where the danger is not great or the possibility of loss serious, may go beyond the limit of that which is legally permissible.

Cote v. Palmer, 16 A. 2d 595, 598-599 (Conn. 1940) (emphasis added, citations omitted). See also

5

Hobbs v. Renick, 304 F.2d 856, 860 (8th Cir. 1962) (explaining the rescue doctrine as "one who sees a person in imminent and serious peril caused by the negligence of another cannot be charged with contributory negligence, as a matter of law, in risking his own life or serious injury in attempting to effect a rescue, provided the attempt is not recklessly or rashly made.").

The rescue doctrine cannot apply here for a number of reasons. First, all of the cases cited by the Plaintiff refer to cases involving alleged personal injuries suffered by individual rescuers and that is not the case here. The Plaintiff has cited to no cases showing that the doctrine applies to property damage incurred by a corporation.

Second, Balfour Beatty's motion for summary judgment is based on the principles of proximate cause and superseding cause, not contributory negligence on the part of the Plaintiff.

Third, the Plaintiff did not witness any imminent peril or immediate danger in connection with the sinking of the "Lukie" because it did not even know that the vessel had sunk until a day after Balfour Beatty returned it. (See Def.'s Local Rule 56(a)1 Statement at ¶¶ 41-42.)

Fourth, there was no emergency "rescue" attempt made by the Plaintiff that exposed it to danger as the "Lukie" was sinking and, therefore, the rescue doctrine does not apply. The "Lynn", the "Jane O", the crane and the pumps did not sink until eight days after the "Lukie" sank, and before any attempt could be made by the Plaintiff to use them to try to raise the "Lukie" to the surface. (See Def.'s Local Rule 56(a)1 Statement at ¶¶ 42-47.) Compare Christensen v. Georgia-Pacific Corp., 279 F.3d 807, 816 (9th Cir. 2002) (applying the rescue doctrine because "The situation that arose on the evening of April 19, 1997, was an emergency. The ship had broken free from the dock and was drifting into Coos Bay. Christensen responded to calls for help from the ship's crew and assisted in rescuing the ship… Because Christensen was trying to rescue the ship and the ship's crew, he falls within the doctrine.") with Stevenson v. Delahaye, 310 So.2d 651, 654

6

(La. Ct. App. 1975) (rejecting application of the rescue doctrine because "In the instant case no unconscious victim was rescued...nor was anyone rescued from obvious peril... There was no element of danger or emergency....").

The barge "Lynn", pushboat "Jane O", crane and pumps did not sink during any emergency rescue attempt the Plaintiff performed while the "Lukie" was sinking in order to prevent imminent harm to crew members or property. Instead, these other vessels and equipment sank more than a week after the "Lukie" sank and because of vandalism or some other intervening, superseding cause, not because of a dangerous position the Plaintiff was placed in during a rescue attempt. (See Def.'s Local Rule 56(a)1 Statement at ¶¶ 42-47, 68-71.) Therefore, the rescue doctrine does not apply. See Cote, Hobbs, Stevenson, supra. Moreover, because it was unforeseeable that vandalism or some other intervening event would cause the sinking of these vessels and other equipment, Balfour Beatty's Motion for Summary Judgment should be granted.

Respectfully submitted this 22nd day of October, 2004.

_____
STEPHEN W. PICKERT
Federal Bar No. ct24325
ANTHONY R. KOVALCIK
Federal Bar No. ct19170
MOYE, O'BRIEN, O'ROURKE,
PICKERT & MARTIN, LLP
800 South Orlando Avenue
Maitland, Florida 32751
(407) 622-5250
(407) 622-5440 (fax)

Attorneys for Balfour Beatty Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that Balfour Beatty Construction, Inc.'s Reply Brief to Gardella Equipment Corporation's Objection to Balfour Beatty's Motion for Summary Judgment has been furnished by U.S. Mail on this 22nd day of October, 2004 to Edward M. Rosenthal, Esq., Willcutts Law Group, LLC, Capitol Place, 21 Oak Street, Suite 602, Hartford, Connecticut 06106-8002.

_____
STEPHEN W. PICKERT
Federal Bar No. ct24325
ANTHONY R. KOVALCIK
Federal Bar No. ct19170
MOYE, O'BRIEN, O'ROURKE,
PICKERT & MARTIN, LLP
800 South Orlando Avenue
Maitland, Florida 32751
(407) 622-5250
(407) 622-5440 (fax)

Attorneys for Balfour Beatty Construction, Inc.